## Moyer *v.* Rentschler, Appellant.

*Wills—Estate in fee simple—"Children"—"Descend."*

Testatrix directed as follows: "I do hereby bequeath and devise all my real estate and personal property unto my two grandsons," adding that they "are to receive all my property both personal and real estate, share and share alike with the desire and wishes that they are to take good care of the same until the time of their death." In the next paragraph she directed, "After the death of my grandsons, as aforesaid, said property is then to descend or go into the possession of their children . . . . provided they have some." The grandsons had no children at the date of the will, but did have "children" living at the time of testatrix's death. *Held*, that the grandsons took a fee simple estate in the realty.

Argued Feb. 27, 1911. Appeal, No. 220, Jan. T., 1910, by defendant, from judgment of C. P. Berks Co., May T., 1910, No. 49, for plaintiffs on case stated in suit of William D. Moyer and Oscar A. Moyer v. John F. Rentschler. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate.

It appeared from the case stated that plaintiffs were the grandsons of Veronica Klahr, and that they had agreed to sell the real estate in question to John F. Rentschler, the defendant.

ENDLICH, P. J., filed the following opinion:

By her will Veronica Klahr gave to her grandsons William D. and Oscar A. Moyer all her realty and personalty, adding that they "are to receive all my property, both personal and real estate share and share alike with the desire and wishes that they are to take good care of the same until the time of their death." In the next paragraph she says, "After the death of my grandsons, as aforesaid, said property is then to descend or go into possession of their children . . . . provided they have some."

They had none at the date of the will, but did have children living at the time of the testatrix's death. The question submitted is whether the grandsons took a fee simple in the realty or not.

The words, "I do hereby bequeath and devise all my real estate and personal property . . . . unto my two grandsons," certainly import an absolute gift, not to be restrained by the precatory language superadded to it: Boyle v. Boyle, 152 Pa. 108; Bellas's Est., 176 Pa. 122. What if anything is the effect upon it of the succeeding paragraph above quoted? That question seems to be ruled by Potts v. Kline, 174 Pa. 513. Doubtless, the word "children" is ordinarily a word of purchase; so that the direction that at the death of the first takers the estate is to go to their "children" may be regarded as evincing an intent that the first takers are to have a life estate only: Oyster v. Oyster, 100 Pa. 538. But it may be construed as a word of limitation if the language of the will so requires. Any form of words sufficient to show that the remainder is to go by way of descent to those whom the law points out as the general or lineal heirs of the first takers will enlarge their estate for life to an estate tail by implication, a fee simple under our statute: Pifer v. Locke, 205 Pa. 616. It is to be observed that here there is no gift over should there be no children. Manifestly the gift to them was intended to include the whole line of succession. Moreover, the estate is to "descend" to them. Under Haldeman v. Haldeman, 40 Pa. 29, and other cases, this phrase indicates the character in which they are to take, viz., by inheritance from their parents, and not as a new stock, and thus points to the first takers as vested with an estate of inheritance and to the construction of the word "children" as a word of limitation. It is argued that this effect of the term "descend" is destroyed by the addition "or (i. e., that is to say) go into possession." But to "descend and go" is the language passed upon in Haldeman v. Haldeman, 40 Pa. 29, and there would appear to be no room for a decisive distinction

between the two forms of expression. It cannot be considered that the phrase "descend or go into possession" means anything else than "descend and go to." Both signify that the estate is to become the property of the persons designated.

We have then, in this will, an absolute gift to the grandsons, followed by language which, properly interpreted, confirm the fee simple estate originally given, but which, in no view, can be regarded as effective to destroy it. It is settled by many decisions, in part enumerated in Hiestand v. Meyer, 150 Pa. 501, 505, and followed in Jeremy's Est., 178 Pa. 477; Yost v. Ins. Co., 179 Pa. 381; Cassidy's Est., 224 Pa. 199, and other cases, that where there is a clear gift in a will it is not to be treated as cut down by a subsequent provision not equally clearly and necessarily manifesting a purpose so to do.

It follows upon every ground that under the will of Veronica Klahr the plaintiffs have a fee simple estate in the realty left by her and involved in this action, and that therefore, according to the stipulation of the case stated, they are entitled to judgment.

And now, June 25, 1910, judgment is directed to be entered upon the case stated in favor of plaintiffs and against defendant for $2,278.80.

*Error assigned* was in entering judgment for plaintiffs on case stated.

*Frank S. Livingood* for appellant.

*John M. Frame,* with him *Charles K. Derr,* for appellees.

PER CURIAM, May 17, 1911:

The judgment is affirmed on the opinion of the learned president judge of the common pleas.